mittedly in the defendants' hands, and it belongs to the partnership. One of the purposes of appointing the receiver was to take possession of the partnership property. The defendant must comply with the order of the court below.

The rules are made absolute, and the appeal quashed in each case at the costs of the appellant.

## New Castle Northern Ry. Co., Appellant, *v.* New Castle & Shenango Valley R. R. Co.

*Ejectment for roadbed of railroad company.*

A railroad company whose franchises and property have been sold at a receiver's sale, cannot recover a part of its roadbed situate in one county, by an action of ejectment, on the ground of fraud in the sale.

Argued Oct. 12, 1892. Appeal, No. 255, Oct. T., 1892, by plaintiff, from judgment of C. P. Lawrence Co., Dec. T., 1888, No. 61, on verdict for defendant. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment for roadbed of railroad company in Lawrence county.

At the trial, before WICKHAM, P. J., of the 36th judicial district, specially presiding, it appeared that plaintiff's roadbed, property and franchises, situate in Lawrence and Mercer counties, were sold on Jan. 12, 1887, by a receiver duly appointed by the circuit court of the United States. The purchaser was Geo. W. Johnson, who subsequently organized the New Castle & Shenango Valley R. R. Co. Plaintiff claimed that Johnson, through fraudulent collusion with other bidders, obtained the property at much less than its true value.

The court charged as follows, by WICKHAM, P. J.:

[ " Under the receiver's sale, which was authorized by the United States circuit court, not only the lands, but as well the franchises of the plaintiff corporation passed, as an entirety, to the purchaser.] [1] [A court of law cannot set aside the sale by piecemeal, through actions of ejectment, brought for parts only of the land sold.] [2]

" The result of a recovery in this case would be extraordinary. The defendant company would still be left holding the

franchise or charter as well as a part of the lands of the plaintiff company. The plaintiff would be put in possession of a portion of the roadbed of the defendant company.

" It may be, although that question need not be decided now, that a court of equity would have the right to restore the plaintiff corporation to its lost rights and estate, if a fraud were committed by the purchaser colluding with others to obtain the franchise, lands and properties of the plaintiff company at a lower price than would have been obtained at the sale if it were not for the alleged conspiracy or collusion. [That question need not be determined now, however, all that is before us being the right of the plaintiff corporation to recover in this action, and under the direction of the court, gentlemen, you must find a verdict in favor of the defendant."] [3]

Verdict for defendant. A motion for a new trial was discharged in an opinion by WICKHAM, P. J., 1 Dist. R. 768. Judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) instructions, as above, quoting them.

*R. B. McComb, B. A. Winternitz* with him, for appellants.— Fraud vitiates a judicial sale : Cocks v. Izard, 7 Wal. 562; Drury v. Cross, 7 Wal. 305; Jackson v. Ludeling, 21 Wal. 616 ; Wardell v. R. R., 13 Otto, 651; Clements v. Moore, 6 Wal. 312. A fraudulent vendee has no equity : Gilbert v. Hoffman, 2 Watts, 66; Rogers v. Hall, 4 Watts, 359. Plaintiff's corporate existence was not extinguished: Com. v. S. & D. R. R., 122 Pa. 320; Pa. R. R. v. Canal Com'rs, 21 Pa. 22 ; Curran v. Arkansas, 15 How. 304.

*S. W. Dana*, with him *D. B. Kurtz, L. T. Kurtz* and *S. D. Long*, for appellees.—Railroads are highways : Erie & North East R. R. v. Casey, 26 Pa. 287 ; Foster v. Fowler, 60 Pa. 27 ; and entireties : Plymouth R. R. v. Colwell, 39 Pa. 337 ; Shamokin Val. R. R. v. Livermore, 47 Pa. 465 ; 2 Woods, Ry. Law, 1019. The franchises go with the property at a sale: R. R. v. Malone, 85 Pa. 25.

PER CURIAM, November 7, 1892:

Judgment affirmed.