# V. & S. Bottle Company, Appellant, *v.* Public Service Commission.

*Public Service Commission—Appeals—Review—Discretion.*

There is nothing in the legislation relating to the Public Service Commission to warrant the conclusion that the legislature intended the appellate court to act as a second administrative commission. The function of the court is to decide whether or not a company complaining of an order of the commission has discharged the duty cast upon it by the legislature. The inquiry by the court is not whether the order is such as the court would have made in the exercise of administrative functions, but whether it was a reasonable exercise of the discretion conferred upon the commission by the statute; the court is not to substitute its judgment as to the expediency of a determination for that of the commission. The legislature did not intend that the courts should interfere with the commission to review its determination further than is necessary to keep them within the law, and protect the constitutional rights of

individuals and the corporations over which the commission is given control.

An order of the Public Service Commission approving a contract for the sale and transfer of the property and franchises of one natural gas company to another natural gas company will not be reversed where it appears that the company's territories were contiguous, that the first company had an abundant supply of gas, but practically no service lines, while the second company had a full equipment of pipe and lines, but an insufficient supply of natural gas, and that the order was reasonable and did not involve a manifest abuse of discretion on the part of the Public Service Commission.

In such a case a person has no standing to object to the contract where it appears that he had a contract for gas with a corporation which had become insolvent, and whose bondholders after purchasing its property and franchises had organized the first company. The contract with the objector was thus wiped out.

Argued Oct. 29, 1917. Appeal, No. 310, Oct. T., 1917, by plaintiff, from order of Public Service Commission, Application Docket, No. A 1259, 1917, In re Application of Mountain Gas Company for Approval of Sale and Transfer of Property and Rights to the Potter Gas Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal for approval of sale of the property and franchises of one natural gas company to another natural gas company.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the Public Service Commission for approval of sale.

*W. K. Swetland,* for appellants.—The position of the protestant and appellant in this case is that not a scintilla of evidence has been produced that the approval of this sale is necessary or proper for the service, accommodation, convenience or safety of the public: Relief Electric Light Co., 63 Pa. Superior Ct. 1; W. Va. Pulp & Paper Co. v. Pub. Service Com., 61 Pa. Superior Ct. 555;

Jenkins Twp. v. Pub. Service Com., 65 Pa. Superior Ct. 122.

*W. F. Dubois* and *Samuel S. Mehard,* of *Mehard, Scully & Mehard,* for Mountain Gas Company.

*Berne H. Evans,* for Public Service Commission.

OPINION BY PORTER, J., October 12, 1918:

The Mountain Gas Company, a public service corporation, organized on January 20, 1914, under the Act of May 29, 1885, entitled "An Act to provide for the incorporation and regulation of natural gas companies," presented to the Public Service Commission its petition praying for a certificate of public convenience, evidencing the approval by the commission of a contract for the sale and transfer of all property, powers and franchises of the corporation to the Potter Gas Company, a corporation organized under the same act of assembly. The V. & S. Bottle Company, a manufacturing corporation, which had been receiving a supply of natural gas from the Mountain Gas Co. and Mark Lawler, a resident of the village of Roulette, situate within the field where the companies operated, filed protests against the approval of the proposed sale and issuance of the certificate of public convenience. The commission held hearings at which a large amount of testimony was taken and the parties were heard by their counsel, and after full consideration the commission found and determined that the granting of the application was "necessary and proper for the service, accommodation, convenience and safety of the public" and in accordance with said determination issued its certificate of public convenience. The V. & S. Bottle Co. appeals from this determination.

The appellant had not presented to the Public Service Commission its petition to intervene, as it might have done under the provision of the Public Service Commission Law, of July 26, 1913, P. L. 1374, Sec. 14, Art. VI. There may be a question whether under the provisions

of the law the appellant is entitled to maintain this appeal, but, without deciding that question, we deem it well to dispose of the other questions presented. The nature of the jurisdiction which we exercise in appeals from the Public Service Commission has frequently been considered and we must accept certain principles as settled by the decisions. Sections 22 and 23 of Article VI of the Public Service Commission Law determine the nature of the inquiry. "At the hearing of the appeal the said court shall, upon the record certified to it by the commission, determine whether or not the order appealed from is reasonable and in conformity with law." "In all such cases the orders of the commission shall be prima facie evidence of the reasonableness thereof, and the burden of proving the contrary shall be upon the appellant or appellants." There is nothing in the legislation to warrant the conclusion that the legislature intended the appellate court to act as a second administrative commission. Our function is to decide whether or not the appellant has discharged the duty cast upon him by the legislature. The inquiry by the court is not whether the order is such as the court would have made in the exercise of administrative functions, but whether it was a reasonable exercise of the discretion conferred upon the commission by the statute; the court is not to substitute its judgment, as to the expediency of a determination, for that of the commission. The legislature did not intend that the courts should interfere with the commission to review its determinations further than is necessary to keep them within the law, and protect the constitutional rights of individuals and the corporations over which the commission is given control: Mt. Union Borough v. Mt. Union Water Co., 63 Pa. Superior Ct. 337 and 256 Pa. 516; Relief Electric Light, Heat & Power Co.'s Petition, 63 Pa. Superior Ct. 1; Jenkins Township v. Public Service Commission, 65 Pa. Superior Ct. 122; Pennsylvania Power Co. v. Public Service Com-

mission, 66 Pa. Superior Ct. 448, and Ben Avon Boro. v. Ohio Valley Water Co., 260 Pa. 289.

The legislation existing prior to the enactment of the Public Service Company Law renders lawful such sales of property and franchises as that which the Mountain Gas Co. petitioned the Public Service Commission to approve. The Public Service Company Law did not take away from such corporations the right to make such a sale. It merely made that right subject to the regulation that the contract must be approved by the Public Service Commission. The powers and duty of the commission with regard to such approval are defined by Section 18, Article V, of the statute: "Such approval, in each and every such case, or kind of application, shall be given only if and when the said commission shall find or determine that the granting or approval of such application is necessary or proper for the service, accommodation, convenience, or safety of the public." This is the only barrier which the statute raises to the approval of such contracts. It does not provide that the corporations shall be called upon to establish any specific facts. The commission is by the statute made the guardian of the interests of the public, and the burden upon the corporation is to present a case which warrants the Public Service Commission in exercising the discretion with which it is by law invested. The statute does not declare what evidence shall be sufficient to induce the commission to act; nor does it require that evidence be taken under all circumstances: Pennsylvania Power Co. v. Public Service Commission, supra. In Perry County Telephone Co. v. Public Service Commission, not yet reported, our brother, HEAD, said: "What instrumentalities in the way of public utilities will promote the public safety, convenience and comfort in a given community is surely not a question of law." There is in this record nothing that would warrant us in holding that the determination of the Public Service Commission was not in conformity with law,

We are not convinced that this court should declare the determination to be unreasonable. The contention that this appellant was entitled to receive natural gas at a certain rate from the Mountain Gas Co. cannot be sustained. The contract under which the right to so receive gas is sought to be asserted was made with the Roulette Gas Co., a corporation which had become insolvent and its property and franchises had been sold at the suit of its bondholders, who, having bought in the property through a trustee, organized the Mountain Gas Co. The contract was thus wiped out. The Mountain Gas Co. was not organized until after the Public Service Company Law became operative, and any contract which that company might have made with this appellant to furnish natural gas at a special rate would have been subject to change by the filing of a schedule of rates by the company with the Public Service Commission. The rates at which this appellant would be entitled to receive natural gas from the Potter Gas Co. will still be subject to the regulation and control of the Public Service Commission. The evidence clearly establishes that the Mountain Gas Co. has very few service lines, it supplies gas to the manufacturing establishment of this appellant and to perhaps two hundred and fifty domestic consumers in the village of Roulette, but it performs this service through pipe lines only about one-tenth part of which it owns, and it leases the other nine-tenths of its lines from the Potter Gas Co. The Mountain Gas Co. has, however, a large surplus supply of natural gas, which it sells and which it and its predecessors have for years sold to the Potter Gas Co. The Potter Gas Co. has a fully adequate system of service pipe lines, but it needs more gas than it is obtaining from its own lands. The lands from which the companies, respectively, obtain their gas are contiguous, and if they begin a contest for obtaining the gas, by drilling wells offsetting each other along the line, the result will be unnecessary expense to both. The propriety of permitting the company which

already had the pipe and service lines, but not a sufficient supply of natural gas, to buy out the company which had an abundant supply of gas but practically no service lines, was a matter clearly within the discretion of the Public Service Commission. This case is not one in which we would be warranted in holding that there has been a manifest abuse of discretion.

The determination of the Public Service Commission is affirmed and the appeal dismissed at the costs of the appellant.