# FORT SMITH LIGHT & TRACTION COMPANY *v.* BOURLAND ET AL., CITY COMMISSIONERS OF THE CITY OF FORT SMITH, ARKANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 220.	Argued January 22, 1925.—Decided March 2, 1925.

An order in effect requiring a street railway company to continue operating a part of one of its lines, though it was unremunerative and must be practically rebuilt at great expense to conform to a change of street grade, and though the railway as a whole, under existing rates, was not earning a fair return, *held* not arbitrary and not violative of the due process clause of the Fourteenth Amendment. P. 332.

160 Ark. 1, affirmed.

ERROR to a judgment of the Supreme Court of Arkansas which affirmed a judgment dismissing a bill brought by the Traction Company to set aside an order made by the

City Commissioners denying it leave to abandon a part of one of its lines. The opinion is here printed as amended by an order of April 27, 1925, which also denied a petition for rehearing.

*Mr. R. M. Campbell,* with whom *Mr. Joseph M. Hill* and *Mr. Henry L. Fitzhugh* were on the brief, for plaintiff in error.

*Mr. Sam R. Chew, Mr. Harry P. Daily* and *Mr. Geo. W. Dodd* appeared for defendants in error.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Fort Smith Light & Traction Company owns and operates in that city a street railway system with about 22 miles of line. Included in the system is a line extending, for a third of a mile, on Greenwood Avenue. Under the law of Arkansas, a street railway is not permitted to abandon any part of its line without leave of the city commission which exercises the powers of a public utility commission. The company applied to that board for leave to abandon the line on Greenwood Avenue because it was, and would be, unremunerative. It appeared, among other things, that the city had concluded to change the grade of Greenwood Avenue; that in accepting its franchise the company had agreed to conform to the city ordinances; that these required a street railway, in case of any change in the grade of a street, to make the grade of the tracks conform thereto; that the cost of so relaying the tracks on Greenwood Avenue was estimated at $11,000; that the allocated daily earnings of this small part of the system were $2.40, the cost of operating it $8.25; and that the total net earnings of the system in 1922 were $16,000, which amount is about 1.7 per cent. of $934,540, the estimated value of the property. The

request to abandon the Greenwood Avenue line was
denied. This suit was then brought in a court of the
State to set aside the order on the ground, among others,
that it deprived the company of its property in violation
of the due process clause of the Fourteenth Amendment.
The trial court denied the relief sought. Its judgment
was affirmed by the highest court of the State. 160 Ark.
1. The case is here on writ of error under § 237 of the
Judicial Code.

The Greenwood Avenue line had been in operation
nearly twenty years. No change in conditions had super-
vened which required the commission to permit the aban-
donment, unless it were the fact that this particular part
of the system was being operated at a loss; that continued
operation would involve practical rebuilding of that part
of the line; that such rebuilding would entail a large
expenditure; and that the system as a whole was not
earning a fair return upon the value of the property used
and useful in the business. The order complained of does
not deal with rates. Nor does it involve the question of
the reasonableness of service over a particular line. Com-
pare *Atlantic Coast Line R. R. Co.* v. *Corporation Com-
mission*, 206 U. S. 1, 23–27; *Railroad Commission* v.
*Mobile & Ohio R. R. Co.*, 244 U. S. 388. It merely
requires continued operation. We cannot say that it is
inherently arbitrary. A public utility cannot, because of
loss, escape obligations voluntarily assumed. *Milwaukee
Electric Ry Co.* v. *Milwaukee*, 252 U. S. 100, 105. The
fact that the company must make a large expenditure in
relaying its tracks does not render the order void. Nor
does the expected deficit from operation affect its validity.
A railway may be compelled to continue the service of a
branch or part of a line, although the operation involves
a loss. *Missouri Pacific Ry. Co.* v. *Kansas*, 216 U. S. 262,
279; *Chesapeake & Ohio Ry. Co.* v. *Public Service Com-
mission*, 242 U. S. 603, 607. Compare *Railroad Commis-*

*sion* v. *Eastern Texas R. R. Co.,* 264 U. S. 79, 85.   This is true even where the system as a whole fails to earn a fair return upon the value of the property.   So far as appears, this company is at liberty to surrender its franchise and discontinue operations throughout the city.   It cannot, in the absence of contract, be compelled to continue to operate its system at a loss.   *Brooks-Scanlon Co.* v. *Railroad Commission of Louisiana,* 251 U. S. 396.   But the Constitution does not confer upon the company the right to continue to enjoy the franchise or indeterminate permit and escape from the burdens incident to its use.

*Affirmed.*