Nod-Away Company, Inc., Appellant, *v.* Robert E. Carroll, Respondent.

**Landlord and tenant — emergency rent laws — action for rent — defense that rent exacted is unreasonable and oppressive applies where lease was made after enactment of statute establishing such defense — questions not raised below not considered on appeal.**

1. The defense that the rent exacted for a dwelling is unreasonable and oppressive was intended by the Legislature to apply not only

to leases made before the enactment of the statute by which the defense was first established (L. 1920, ch. 944) but also to leases made thereafter.

2. A question as to the constitutionality of a statute not shown by the record to have been raised in the courts below will not be considered by the Court of Appeals.

*Nod-Away Co.* v. *Carroll*, 209 App. Div. 907, affirmed.

(Argued March 30, 1925; decided May 12, 1925.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 3, 1924, affirming a judgment in favor of defendant entered upon a verdict.

*W. C. Prime* for appellant.

*Joseph A. Corbalis* for respondent.  . The defendant, respondent, or tenant herein, properly availed himself of the defense offered by the Rent Laws. (L. 1922, ch. 664; *Baldwin* v. *Belcher,* 197 N. Y. Supp. 743.)

*Per Curiam.* We think the defense that the rent exacted for a dwelling is unreasonable and oppressive was intended by the Legislature to apply, not only to leases made before the enactment of the statute by which the defense was first established (L. 1920, ch. 944), but also to leases made thereafter. If this were not so, there would have been no sense in providing that the act was not to extend to buildings then in course of construction or afterwards constructed (L. 1920, ch. 944, § 10). The meaning is made still clearer by amendatory statutes (L. 1921, ch. 434; L. 1922, ch. 664); and by the statute now in force (L. 1923, ch. 892), it has been put beyond the realm of controversy.

We do not discuss the questions of constitutional law that have been pressed upon us by the appellant, for the record does not show that they were raised in the courts below (*Dodge* v. *Cornelius,* 168 N. Y. 242). The case

was tried upon the theory that the single and decisive question was one of statutory construction.

The judgment should be affirmed with costs.

Crane, J. (dissenting). It is not my understanding that the cases of *People ex rel. Durham Realty Corporation* v. *La Fetra; People ex rel. Brixton Operating Corporation* v. *La Fetra* (230 N. Y. 429); *Levy Leasing Co. Inc.* v. *Siegel* (230 N. Y. 634), and *Guttag* v. *Shatzkin* (230 N. Y. 647) decided the point here in question. We had before us a situation where tenants under leases or by will were in the possession of apartments from which they were threatened to be evicted because they would not pay increased rental. The Legislature facing a shortage of apartments passed the so-called Housing Laws to prevent the wholesale evictions which were threatened and to permit the tenants to continue to occupy the premises upon paying reasonable rental. There was no claim, as I understand it, that a tenant could stay in possession without paying any rental or that rental theretofore fixed by agreement could be lowered. The Legislature and this court dealt with threatened evictions due to demands for increased rental made by the landlords. This case presents a situation where the tenant was not in possession prior to September, 1920.

On February 11, 1921, the defendant leased an apartment from the plaintiff for the term of nineteen months at an agreed rental of seventy-five dollars a month. The tenant immediately claimed that under the Housing Laws he could violate this agreement and pay less rental. At the end of the lease he continued on until February 28, 1923. The present suit is for rental pursuant to the agreement from October 1, 1922, to February 28, 1923.

The courts below have permitted him to violate his agreement and pay less rental than the amount reserved in his lease, determining that the reasonable rent rule

under the Housing Law permitted this. It has been said that while a landlord was not obliged to rent his premises and can keep them vacant, yet if he did rent them he could make no agreement whatever for rental; he could only collect what the law allowed. I cannot agree to this. The plaintiff was not obliged to rent his premises which were vacant. The housing emergency legislation had been passed. The plaintiff had this vacant apartment on his hands. He could have shut it up, and there was no power in the courts to compel him to rent it. How did the defendant get into possession? He got into possession by agreement. It is the only way he could get into possession. The courts could not put him in and the owner would not let him in except under an agreement, and by the agreement under which he entered he undertook to pay seventy-five dollars a month rental.

I do not understand that any of the Housing Laws or the amendments permitted a violation of such an agreement or lease. What they mean is that the tenant must live up to the agreement *under which he enters*, but that he cannot be evicted because he refuses to pay an increased rental. At the expiration of his lease, if the landlord wants an additional rental then he must prove that such additional rental is reasonable. The courts have no power even under this housing legislation to permit a tenant to violate his agreement under which he has entered into possession. Such an agreement is entirely different from one extorted from a tenant whereby he *continues* in possession. He may continue in possession at the same rental which he agreed to pay even when his term expires, but he cannot continue at a lower rate than he has agreed to pay expressly or by implication of law. (*Fort Smith Light & Traction Co.* v. *Bourland,* 267 U. S. 330.)

The last housing law, known as the Rosenman Law, took effect June 1, 1923. The claim of the plaintiff here accrued before that day, on February 28, 1923.

[240 N. Y. 252]  Dissenting opinion, per Crane, J.  [May,

I conclude, therefore, that this Rosenman Law and none of the previous Housing Laws permitted the courts or were intended to permit the courts to modify or break agreements made whereby tenants entered into possession. If there were such an intent, the legislation in my judgment is unconstitutional. The constitutional question, I think, has been raised in this case. It is recited in the order appealed from that the motion made is to strike out the defense, setting up the Housing Laws, on the ground that it is " insufficient in law upon the face thereof." This, I think, clearly raises the constitutionality of this law. The defense is " insufficient " because it is void as applicable to this case.

The Housing Laws cannot be classed in my judgment with those police regulations which affect public utilities. In some respects, owing to the emergency that arose, landlords were restricted and controlled as are public service corporations, but the analogy is not complete. A public service corporation may be compelled to furnish service upon the tender of the legal rate and compliance with reasonable conditions. The landlord cannot be compelled to rent his apartment, if he chooses not to, on any terms. He may keep it locked up.

For these reasons I think the judgment recovered should be reversed and judgment given to the plaintiff for the amount demanded.

Hiscock, Ch. J., Cardozo, Pound and Lehman, JJ., concur with *per Curiam* opinion; Crane, J., dissents in opinion, in which McLaughlin, J., concurs; Andrews, J., absent.

Judgment affirmed, with costs.