Gillis, Appellant, *v.* P. S. C. of Pa. et al.

Argued April 14, 1932.

Before KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE and PARKER, JJ.

*Frank A. Harrigan,* for appellant, cited: Caesar v. Capell, 83 Fed. 403; Citizens' Passenger Railway Company v. Public Service Commission, 75 Pa. Superior Ct. 238; Commonwealth v. Economy B. & L. Association, Pa. C. C. Rep. 235.

No appearance or paper books for appellee.

*Frank M. Hunter, Esq.,* and with him *Thomas J. Perkins, Esq.,* for intervening appellee, cited: City of Philadelphia v. Public Service Commission, 83 Pa. Superior Ct. 8; Sheip & Co. v. Price Page and Co., 3 Pa. Superior Ct. 1; Wayne Public Safety Association v. The Public Service Commission and Wayne Steam Heat Company, 94 Pa. Superior Ct. 228.

OPINION BY GAWTHROP, J., July 14, 1932:
On May 12, 1931, appellant filed a complaint with the Public Service Commission averring himself to be a stock and bond holder of the Wilkes-Barre Light Company, hereinafter called light company; that on June 15, 1922, the Pennsylvania Power and Light Company, intervening appellee, hereinafter called power company, a public service company engaged in furnishing light, heat, power and gas, purchased a controlling interest in the stocks and bonds of the light company without first having obtained the consent and approval of the commission, as required by Article III, Section 6, Clause (c), of the Public Service Company Law, approved July 26, 1913, P. L. 1374. He prayed for such an order as the commission might deem meet.

The section of the act referred to provides as follows: "It shall be unlawful for any public service company ...... (c) to purchase, acquire, take or hold either in absolute ownership or in pledge, or as collateral security, directly, or indirectly, any controll-

ing right, title or interest, legal or equitable in the capital stock, bonds, trust certificates or other evidences of indebtedness or other securities issued by, or other controlling right, title or interest whatsoever in, any public service company *conducting business within this Commonwealth,* without the consent and approval of the commission ......"

The power company filed an answer denying the gravamen of the complaint and asserting that at the time laid the light company was not a public service company "conducting business within this Commonwealth." The commission fixed a time for hearing, the final order fixing November 19, 1931. On November 12, 1931, the power company filed its petition to dismiss the complaint for lack of jurisdiction, predicated upon matters and deficiencies apparent on the face of the petition and on facts within the official knowledge of the commission. More particularly, the grounds were these: 1. That the complainant failed to aver the jurisdictional prerequisite that at the time laid, June 15, 1922, the light company was a "public service company conducting business within the Commonwealth." 2. That the commission on July 16, 1923, in a proceeding at Complaint Docket C-5643, in the complaint of Mark L. Burk et al. v. Wilkes-Barre Light Company et al., which was a proceeding to compel the beginning of furnishing service, had found and determined that "the Wilkes-Barre Light Company had been sold at receiver's sale several years ago and has not since been reorganized," and further found and determined as follows: "On motion duly adopted the complaint as against said Wilkes-Barre Light Company, was directed to be dismissed, the commission having no jurisdiction under the terms of the Public Service Company Law." 3. That the complaint was in reality an effort to establish rights as a stockholder and did not set up matters of public service, accommodation, convenience, safety, interest or welfare.

Over the protest of the complainant that the petition
to dismiss was untimely under the rules of the com-
mission and that the allegations were all in issue upon
the complaint and answer filed, the commission on No-
vember 13, 1931, fixed November 30, 1931, as a time
for oral argument on the petition to dismiss the com-
plaint. Whereupon, on November 20, 1931, the com-
plainant filed an answer to the petition to dismiss,
which averred, inter alia, that the light company had
never been legally dissolved and was still in existence
on June 15, 1922, but admitted the allegations of the
petition to dismiss, that the light company had been
sold at a receiver's sale prior to June 15, 1922, and
that it was not until after said sale that alleged stocks
and bonds of the light company were acquired by per-
sons asserted to be acting for the power company.
The answer did not allege that there had been a re-
organization of the light company subsequent to the
receiver's sale. After argument before the commission
en banc the complaint was dismissed on the ground
that the commission had no jurisdiction to consider the
complaint, because at the time of the alleged purchase
of the stocks and bonds by the complainant the light
company was not a public service company doing busi-
ness within this Commonwealth. From that order this
appeal is brought.

The questions stated in appellant's brief challenge
(1) the authority of the commission to entertain the
petition to dismiss the complaint; (2) the legal sound-
ness and reasonableness of the order; and (3) the
competency, admissibility, and relevancy of the evi-
dence upon which the commission predicated its de-
termination and order.

(1) In support of its attack upon the regularity of
the order dismissing the complaint, appellant points to
Rule 2 of the Rules of Practice adopted by the Pub-
lic Service Commission, which provides that a com-
plaint filed with the commission shall be answered in

writing within such time as may be specified in the notice given to the respondent, and to the provision in this rule that any respondent deeming the complaint insufficient or desiring to set up the absence of power or authority in the commission to determine such complaint, may, instead of answering, file with the commission, within the time specified in the notice to satisfy or answer, a petition to dismiss setting forth its claim of insufficiency or absence of such power or authority. It is urged in his behalf that the commission was bound by this rule and that, therefore, it had no authority to entertain the petition to dismiss after the respondent had filed its answer and a time and place for hearing had been set. This argument has failed to impress us. It is well settled that courts always have the power to waive or suspend their own rules: Rader v. Keiper, 285 Pa. 579, 584, and Lance v. Bonnell, 105 Pa. 46, 47. Such rules are intended as aids to the orderly administration of justice as well as effective procedure. So, also, are rules of a tribunal whose functions are administrative and but semi-judicial. We have no doubt that the commission had power to waive the limitation imposed by the rule invoked by appellant. This court will not interfere with the action of the commission in procedural matters, unless the action resulted in depriving a party of some substantive right. Appellant was not injured in any way by the action of the commission in entertaining the petition to dismiss. By its answer to appellant's complaint, the power company informed the commission that it expected to be able to prove that the light company was not a public service company conducting business within this Commonwealth. If that was the fact, the commission had no jurisdiction of the complaint. At a hearing on the complaint and answer it could have limited its investigation to that question. By the petition to dismiss, respondent merely brought the attention of the commission to the fact that an

examination of its own records would disclose a compelling reason for dismissing the complaint for lack of jurisdiction. In our view it was proper practice for the respondent to move to dismiss the complaint when and if it discovered the facts alleged in its petition. As observed by Mr. Justice SIMPSON in respect to the propriety of moving to dismiss a complaint in Citizens Passenger Ry. Co. v. Public Service Commission, 271 Pa. 39, 57, "fairness to the commission, as well as the saving of expense to all parties, calls for the pursuit of this course, even in cases, like the present, where the ultimate remedy, if the commission persists in entertaining jurisdiction, is by an injunction under Section 31 of Article VI."

(2) As already stated, the commission held that it had no jurisdiction of appellant's complaint because the light company was not a public service company conducting business within this Commonwealth at the time of the alleged illegal purchases of bonds and stocks by the power company. Appellant contends that under Article III, Section 6, Clause (c) of the Public Service Company Law the light company was a public service company conducting business within this Commonwealth as soon as it received its charter and came into existence, even though it may not actually have been furnishing service; and that it continued to do business, for the purposes of investigation by the commission, even though it had been stripped of all its assets, including its operating franchises. In appellant's brief a distinction is drawn between an operating franchise and a franchise "to be a corporation." It is asserted that a corporation can still do business if its franchise "to be a corporation" has not been sold. The distinction, if any, is unimportant here because the decree of the court under which the receiver for the light company made a sale, ordered the sale of "all the property and assets, real, personal and mixed, of the said Wilkes-Barre Light

Company, together with the franchise of said company." See record in Bauer & Sons v. Wilkes-Barre Light Company et al., 274 Pa. 165. That sale was confirmed July 3, 1920. The sale and the failure of the purchasers to reorganize resulted in a legal wiping out of the light company as a corporation, so that it was no longer a public service company doing business within this Commonwealth after July 3, 1920.

There is no uncertainty in the law as to the legal effect of a receiver's sale such as occurred in this case. The status, so far as the existence or non-existence of the corporate entity is concerned, is governed by the Act of April 8, 1861, P. L. 259, Section 1 of which was last amended by the Act of June 20, 1911, P. L. 1092, and Section 2 of the Act of May 25, 1878, P. L. 145. Under this act at the instant of the consummation of the sale all of the property rights, powers, franchises and privileges of the old corporation flowed from it into the purchasers at the sale. Its corporate existence so far as prospective and future functioning was concerned was at an end. While there can be an interim between the date of the sale and the date of organizing the new corporation, in which the purchaser has for a time the franchises of the old company, that company itself has no being, powers or franchises. There is no need for a dissolution of the old corporation; that results by operation of law. See Pittsburgh, Cincinnati & St. Louis Ry. Co. v. Fierst, 96 Pa. 144; and New Castle Northern Ry. Co. v. New Castle & Shenango Valley R. R. Co., 152 Pa. 96.

After the consummation of the sale by the receiver the bonds and certificates of stock of the light company were but written evidence of rights to share in the proceeds of the sale in the hands of the receiver. As the light company had ceased to exist as a business entity when the bonds and stock here involved were purchased by the power company, those bonds and stock were no longer "securities or evidences of indebt-

edness of a public service company doing business within this Commonwealth." Therefore, even if the power company purchased all these evidences of indebtedness of the light company the commission approval required by Article III, Section 6, Clause (c) of the statute was not required in order to render the purchase thereof by the power company lawful. Such a purchase would have nothing to do with service or rates of any public service company doing business within the Commonwealth. What the Public Service Company Law is primarily concerned with is service and rates of a utility company. The purchase by the power company, which is the subject of the complaint here involved, could not possibly affect these matters. In Citizens Passenger Ry. Co. v. Public Service Commission, supra, it was said that "where, as here, under legislative authority, such a corporation has transferred its franchises and assets and has ceased to function, the commission has no jurisdiction over it, since the company has no rates to make or collect, no service to render the public, and no facilities to furnish or extend."

(3) The only other complaint of appellant which we deem necessary to discuss is that "there never was a hearing in the case; but the commission based its decision dismissing our complaint on ex parte evidence." This contention is not supported by the record. It is true that no testimony was taken at the hearing. Appellant had admitted in its answer to the petition to dismiss that prior to June 15, 1922 (the date on which the power company is alleged to have acquired a controlling interest in the securities of the light company) all the assets of the light company had been sold at a receiver's sale. It had failed to deny the averment in the petition to dismiss the complaint that in the proceedings before the commission in Burk v. Wilkes-Barre Light Company, already referred to, the commission had found that said company had been

sold at a receiver's sale several years before and had not been reorganized, and that the commission had dismissed the complaint in that case on the ground that it had no jurisdiction over respondent company. Appellant had a full opportunity to be heard and had notice that the commission would consider its own record in Burk v. Wilkes-Barre Light Company in determining the question whether it had jurisdiction over the subject-matter of appellant's complaint. The statute does not declare what evidence shall be sufficient to induce the commission to act; nor does it require that evidence be taken under all circumstances: V. & S. Bottle Co. v. Public Service Commission, 70 Pa. Superior Ct. 308. There is no statutory designation either of the kind or quality of the evidence required to induce a decision by the Public Service Commission: Wayne Public Safety Assn. v. Public Service Commission, 94 Pa. Superior Ct. 228. In Hoffman v. Public Service Commission, 99 Pa. Superior Ct. 417, one of the contentions was that the commission erred in considering facts alleged to be within its own knowledge but as to which there was no evidence in the record. It appeared that counsel for appellants knew what evidence other than contained in the record would be considered by the commission. It consisted of records of the commission in other cases. We held that it was not error for the commission to treat these records as evidence in the case and ground certain findings of fact upon them. An administrative tribunal may take notice of results reached by it in other cases, when its doing so is made to appear in the record and the facts thus noted are specified so that matters of law are saved: U. S. v. B. & O. S. W. R. R., 226 U. S. 14. Our conclusion is that the records on which the commission based its order were admissible and competent evidence and that the evidence not only warranted, but compelled, the conclusion that after July 3, 1920, the date of the sale of all the property and franchises of

the light company, that company was not a public service company conducting business within this Commonwealth.

The order of the commission is affirmed and the appeal dismissed at appellant's costs.