PHILLIPS, Governor of Oklahoma, et al. v.
NELSON et al.

No. 1960.

Circuit Court of Appeals, Tenth Circuit.

Dec. 12, 1939.

Mac Q. Williamson, Atty. Gen. of Oklahoma, F. M. Dudley, Asst. Atty. Gen., and Everett S. Collins, Co. Atty., of Sapulpa, Okl., for appellants.

Harry O. Glasser, of Enid, Okl., and Harry O. Janicke, of Winfield, Kan., for I. E. Nelson, trustee.

I. J. Underwood, of Tulsa, Okl., for Oklahoma Natural Gas Co.

Before LEWIS and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

I. E. Nelson, trustee, brought this action against Leon C. Phillips, Governor of the state of Oklahoma, Mac Q. Williamson, Attorney General of the state of Oklahoma, and Everett S. Collins, County Attorney of Creek County, Oklahoma, and the Oklahoma Natural Gas Company, a corporation, for a declaratory judgment. The Governor, the Attorney General, and the County Attorney have appealed from a decree adjudging that a proposed sale by Nelson, as trustee, to the Oklahoma Natural Gas Company of the physical properties formerly owned by the Sapulpa Gas Company, and acquired by Nelson, as trustee, at a foreclosure sale was not prohibited by Section 8, Art. 9, of the Oklahoma Constitution, Okl.St.Ann., nor by any other provision of such Constitution or the statutes of the state of Oklahoma; ratifying, confirming, and approving such sale in all things; and enjoining the Governor, the Attorney General, and the County Attorney from thereafter questioning, challenging, or inquiring into the validity of such sale when consummated, and from commencing or prosecuting any action at law or in equity to prevent such sale, to punish any party thereto upon account thereof, or to interfere with the possession and enjoyment of the properties by the purchaser.

After the appeal was lodged in this court the parties to the action duly entered into

and filed herein a stipulation in writing. The stipulation recited certain facts set forth in note 1.[1] It provided that:

"The injunction heretofore entered in this cause against the Governor and Attorney General of the State of Oklahoma shall be vacated, set aside and held for naught.

"*Second:* That all costs which have been incurred in said action, including the expense of the preparation and printing of the record (if such printing expense is

---

[1] Whereas, by reason of lack of,

(a) funds,

(b) an available adequate supply of natural gas,

(c) inability to find qualified, trustworthy and capable supervising management for the operation of the gas service business at Sapulpa, Oklahoma, owned by the above named Trustee's principals, at such compensation as the rates allowed the Trustee's principals for such natural gas service would justify;

(d) for the lack of a compensatory rate for public service as a natural gas utility (based upon cost of an available natural gas supply at the gate) which this Trustee and Trustee's predecessors in the operation of the Sapulpa Gas Company have never been able to secure;

(e) financial collapse of the Sapulpa Gas Company for bondholders of which Company this Trustee has been acting;

(f) accumulation of unpaid advalorem taxes against the Sapulpa Gas Company in the principal sum of Forty-One Thousand Two Hundred Fifty-Seven & 36/100 ($41,257.36) Dollars, which unpaid taxes this Trustee will not be able to pay in full (or even substantially in full) unless the sale of the Trustee's property hereinafter mentioned, shall be consummated;

(g) for inability to pay large sums due creditors of the Sapulpa Gas Company in an amount in excess of Forty Thousand and no/100 ($40,000.00) Dollars, for gas furnished by such creditors to the Sapulpa Gas Company at its "city gate," as well as for defaulted interest in the sum of upwards of Thirty Thousand and no/100 ($30,000.00) Dollars, due bondholders upon the defaulted first mortgage bonds of the Sapulpa Gas Company;

(h) the approach of winter and the attendant problem of trying to furnish natural gas without an adequate supply (except at a prohibitive cost at the gate) and without *facilities* and *funds* with which otherwise to do so;

the above named I. E. Nelson, Trustee, Appellee in the above entitled cause, has been compelled to ask for and did receive in the District Court of the United States for the Northern District of Oklahoma, authority to surrender the franchise of the Sapulpa Gas Company and its right to do business as a gas utility, and for this Trustee to discontinue the furnishing of gas through the facilities and lines of the Sapulpa Gas Company to users thereof in the City of Sapulpa, Oklahoma; and,

Whereas, such service was so discontinued on September 15, 1939 by the above named appellee; and,

Whereas, such action by the above named appellee was imperative and could not be avoided, it nevertheless did leave many users of natural gas in the City of Sapulpa, Oklahoma without natural gas service; and,

Whereas, the Corporation Commission of the State of Oklahoma, without interruption to public convenience and necessity, has by appropriate order required the Oklahoma Natural Gas Company (also serving the City of Sapulpa, Oklahoma through its natural gas distributing system) to supply (until the further order of the Commission) such users of natural gas in the City of Sapulpa, Oklahoma, through the Oklahoma Natural distributing system, and the connecting lines and facilities of the Sapulpa Gas Company; and,

Whereas, this Trustee (long prior thereto) had effected a contract for the sale of the physical properties, lines, meters and other "junk" equipment of the defunct Sapulpa Gas Company to the Oklahoma Natural Gas Company for an agreed cash consideration of One Hundred Eighty Thousand and no/100 ($180,-000.00) Dollars, which proposed contract gives rise to this litigation; and,

Whereas, the attorneys for the Oklahoma Natural Gas Company before approving title to such purchase, did require this Trustee to institute the cause out of which this appeal arises, and to name the Governor and Attorney General of the State of Oklahoma, as parties thereto; and,

Whereas, the District Court of the United States for the Northern District of Oklahoma (among other things) did enter its order enjoining the Governor and/or the Attorney General of the State of Oklahoma from exacting reprisals or punishing or attempting to punish such sale of the "junk" belonging to the Sapulpa Gas Company to the Oklahoma Natural Gas Company; and,

Whereas, the Governor and the Attorney General denying any intention to punish or to attempt to punish such sale,

incurred before this stipulation becomes effective) and the expense of attendance of the Attorney General, his Assistant, the County Attorney of Creek County, Oklahoma, and the City Attorney of the City of Sapulpa, Oklahoma, upon this Court at Denver, Colorado, shall be paid by this Trustee.

*"Third:* That all advalorem taxes due the State of Oklahoma, Creek County, Oklahoma, The City of Sapulpa, Oklahoma, and the Sapulpa City School District from the Sapulpa Gas Company and/or this Trustee, shall be paid to the County Treasurer of Creek County, Oklahoma (free of penalties in conformity with the order of the District Court of the United States for the Northern District of Oklahoma, heretofore entered in this cause) within ten (10) days from and after the approval of this Stipulation by this Honorable Court.

*"Fourth:* That the judgment and decree of the District Court of the United States for the Northern District of Oklahoma entered in this cause from which this appeal was taken, shall in all other respects be approved and confirmed by this Honorable Court by appropriate order to be entered in this Court."

Section 8, Art. 9, of the Oklahoma Constitution in part reads as follows:

"No public service corporation, or the lessees, purchasers, or managers thereof, shall * * * lease or purchase the works or franchises of, or in any way control, any other public service corporation owning or having under its control a parallel or competing line; except by enactment of the Legislature upon the recommendation of the Corporation Commission: Provided, however, That the Legislature shall never enact any law permitting any public service corporation, the lessees, purchasers, or managers thereof when such public service corporation is organized under the laws of any other State, or of the United States, to * * * lease, or purchase, the works of, franchises of, or in any way control, any other public service corporation, organized under the laws of any other State, or of the United States, owning or having under its control in this State a parallel or competing line; * * *."

 A public utility cannot, in the absence of contract, be compelled to continue to operate its utility at a loss. Fort Smith Light & Traction Co. v. Bourland, 267 U.S. 330, 333, 45 S.Ct. 249, 69 L.Ed. 631. The usual permissive charter of a public utility corporation does not give rise to any obligation on the part of the corporation to operate its utility at a loss. Nor can such an obligation be elicited from the acceptance of the charter or from putting the utility into operation. The corporation, although devoting its property to the use of the public, does not do so irrevocably or absolutely, but on condition that the public shall supply sufficient traffic on a reasonable rate basis to yield a fair return, and if at any time it develops with reasonable certainty that future operations must be at a loss, the corporation may surrender its franchise, discontinue operation, and dismantle and sell its physical properties. To compel it to go on at a loss or give up the salvage value of its physical properties would be to take its property without the just compensation guaranteed it by the due process clause of the Fourteenth Amendment, U.S.C.A. Const. Railroad Comm. v. Eastern Texas R. Co., 264 U.S. 79, 44 S.Ct. 247, 68 L.Ed. 569; Brooks-Scanlon Co. v. Railroad Comm. of Louisiana, 251 U.S. 396, 399, 40 S.Ct. 183, 64 L.Ed. 323; Bul-

---

say that such injunction order is an invasion of the sovereignty of the State of Oklahoma; and,

Whereas, the City of Sapulpa, a municipal corporation, The Sapulpa School District, a school corporation, and Creek County, Oklahoma, are in need of advalorem taxes, and the settlement of this litigation will enable this Trustee to make immediate payment of the sum of Forty-One Thousand Two Hundred Fifty-Seven & 36/100 ($41257.36) Dollars, to the above named governmental agencies in Creek County, Oklahoma, which will serve the public interest in a much greater degree than will the con-

tinuation of expensive litigation which (now) can but at best, serve to determine what are academic questions; and,

Whereas, the appellee, Trustee, and the purchaser Oklahoma Natural Gas Company, are willing to concede that the injunction order heretofore entered in this cause against the Governor and the Attorney General of the State of Oklahoma, should be vacated, set aside and held for naught; and,

Whereas, all parties are willing that said litigation shall be settled and the judgment and decree of this Court so entered.

lock v. State ex rel. Railroad Comm. of Florida, 254 U.S. 513, 520, 521, 41 S.Ct. 193, 65 L.Ed. 330. It does not appear here that Nelson, as trustee, nor his predecessor, the Sapulpa Gas Company, is obligated by any contractual provision to carry on the gas utility business in the city of Sapulpa at a loss.

 We are of the opinion that Section 8, Art. 9, of the Oklahoma Constitution has no application in the instant case. Nelson, as trustee, being no longer able to conduct the gas service business in Sapulpa except at continued substantial losses and having surrendered the franchise granted to the Sapulpa Gas Company and proposing only to sell the physical assets, does not occupy the status of a public service corporation within the meaning of Section 8, supra, and is free to sell such physical assets to a public service corporation formerly competing with Nelson, trustee, and his predecessor, the Sapulpa Gas Company. Gillis v. Public Service Comm. of Pennsylvania, 105 Pa.Super. 389, 161 A. 563.

Accordingly, we conclude that the stipulation should be and it is hereby approved. Let an order be entered in accordance therewith.