# Bee Unemployment Compensation Case.

Argued November 16, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*John M. Bee*, appellant, in propria persona.

*Sydney Reuben*, Special Deputy Attorney General, with him *Herbert B. Cohen*, Attorney General, for appellee.

OPINION BY HIRT, J., January 17, 1956:

Claimant worked as a taxi driver for the Yellow Cab Company in Pittsburgh from August 18, 1954, to October 2, 1954. He did not return for work after October 2, 1954 and did not give his employer notice of the reason for his continued absence. On October 14, 1954, when he had been away from his work for a period of twelve consecutive days, the employer, in accordance with the applicable provision of a union contract, removed claimant's name from its payroll. Work however was then available to him and he could have continued in his employment; he was not laid off nor discharged; he quit his job of his own volition. During the period of his employment claimant earned a total of but $159.10. His earnings were on a commission basis at the rate applicable to other drivers. On his claim for benefits before the bureau he stated that he quit his work because his earnings were not enough for his support and that of his wife. The bureau found that his leaving for that reason was upon good cause and made an award on which claimant collected $180 in benefits. At the hearing on the employer's appeal from the bureau's decision before the referee, it appeared that claimant had not worked steadily throughout the period and that if he had applied himself diligently his earnings, exclusive of tips, would have been about $50 per week. The referee on appropriate findings, based on the proofs, reversed the decision of the bureau concluding that claimant voluntarily terminated his employment without good cause and for that

reason was ineligible for benefits under §402(b) of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, as amended, 43 PS §802. There is nothing in this record nor in the statement filed by claimant as his reasons for the present appeal which affect the validity of the referee's findings on the merits and the order reversing the decision of the bureau.

The order of the referee was made on December 31, 1954. A copy of the decision, with notice that the order would become final in the absence of a further appeal within ten days, was mailed to claimant at his last known post office address on the same date. Presumably it was received by claimant for it was not returned by the postal authorities. Nevertheless claimant did not file his appeal to the Board of Review from the referee's decision until April 4, 1955. The board dismissed the appeal because it was not filed within the statutory period of ten days prescribed by §502 of the Unemployment Compensation Law. 43 PS §822. Claimant on filing his claim with the bureau gave his address as 465 Lincoln Avenue in Pittsburgh. According to the statement filed by him in the present appeal he moved from his former address on Lincoln Avenue after the decision of the bureau. He does not contend however that he gave notice to the Unemployment Compensation authorities of his change of address as he was bound to do or that he was misled or prevented by anyone from filing a timely appeal.

Since the Act fixes the time in which claimant could appeal from the decision of the referee the board had no power to extend the time in the absence of a showing of fraud or its equivalent. For the same reason we are without authority to reverse the action of the board and to direct the allowance of an appeal nunc pro tunc. *Marshall Unemployment Compensation Case*, 177 Pa. Superior Ct. 259, 111 A. 2d 165; *Demcio Un-*

*employment Compensation Case,* 177 Pa. Superior Ct. 298, 110 A. 2d 890.

Appeal dismissed.