164

Keys Unemployment Compensation Case.

Argued November 14, 1956.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*James R. Hornick,* with him *Van der Voort, Royston, Robb & Leonard,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY RHODES, P. J., March 20, 1957:

This is an appeal by claimant, Homer L. Keys, from a decision of the Unemployment Compensation Board of Review dismissing his appeal to the board from a referee's finding of ineligibility. The board held that his appeal, although taken within the ten-day statutory period, was not perfected within the ten-day period prescribed in the regulations of the board.

Claimant, who was sixty-nine years of age, had been employed as a chef for approximately three months at a weekly wage of $45 with meals provided. He left his employment on May 9, 1955. The testimony relating to the circumstances of the termination of his employment was conflicting. The employer claimed that he voluntarily quit; claimant contended that he was ill, that he needed time off to recover, and that he was discharged. The referee found that claimant voluntarily left his employment to journey to West Virginia to visit his wife, and concluded that this was not cause of a necessitous and compelling nature. Section 402 (b) of the Unemployment Compensation Law, as amended, 43 PS §802 (b).

The decision of the referee disallowing benefits was issued on December 15, 1955. Claimant's attorney initiated an appeal by letter to the bureau, which was postmarked December 19, 1955. The pertinent parts read: "Please accept the within letter as my appeal in the above matter . . . I desire further hearing with respect to the facts in this case. . . . I take full exception to the decision of the referee . . ." On December 20, 1955, the local office of the bureau sent a letter, ad-

dressed to the law firm of claimant's attorney, enclosing form UC-46 and a notice that the completed appeal form must be filed or postmarked within ten days of the date of the bureau's letter. The appeal, however, was not perfected until February 13, 1956. On that date claimant's attorney wrote to the bureau, stating: "On December 19, in behalf of Homer L. Keys, I mailed a letter to your offices indicating a desire to appeal from the Referee's decision. On December 20, your offices mailed to this law firm a form UC-46, Petition for Appeal. It was not mailed to my attention nor did our inter-office procedure in regard to this suit refer it to me. Unfortunately, same was filed away until I was recently contacted by Mr. Homer L. Keys, the claimant, and informed that your office told him the time for appeal had lapsed and the decision of the Referee had become binding. I respectfully request that you consider the inadvertence of counsel as a valid ground for processing the attached petition for appeal as a timely one and set same down for hearing."

On March 16, 1956, the board issued an order remanding the case to the referee for a further hearing. The order did not state the purpose of the remand hearing except that it was to take "further testimony that is pertinent to the issue." At the remand hearing held on April 6, 1956, the referee received additional testimony on the merits of the claim; no testimony was taken relative to the failure to perfect the appeal within the prescribed time or relative to the alleged excuse.

On May 7, 1956, the board by its decision vacated the referee's findings and substituted its own which related solely to the timeliness of the appeal. On the basis of its findings, the board dismissed the appeal as being perfected too late. On May 10, 1956, the board issued a revised decision which was identical with the

decision of May 7, 1956, except that it supplemented the referee's findings with the board's findings on the timeliness of the appeal. On May 25, 1956, the board vacated its decision of May 10, 1956, and remanded the case to the referee for further testimony. At this hearing the testimony related only to the appeal procedure. On August 2, 1956, the board reinstated its decision of May 10, 1956, dismissing claimant's petition for appeal. This appeal followed.

Section 502 of the Unemployment Compensation Law, as amended, 43 PS §822, provides: "The parties and the department shall be duly notified of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless within ten days after the date of such decision the board acts on its own motion, or upon application, permits any of the parties or the department to institute a further appeal before the board."

Section 505 of the Law, 43 PS §825, provides in part: "The manner in which appeals shall be taken, the reports thereon required from the department, the claimant and employers, and the conduct of hearings and appeals, shall be in accordance with rules of procedure prescribed by the board whether or not such rules conform to common law or statutory rules of evidence and other technical rules of procedure." By virtue of this authority, the board has promulgated Regulation No. 201 which provides, inter alia, as follows: "Use of the prescribed appeal form is not mandatory to initiate a petition for the allowance of an appeal. Any written notice that may be reasonably construed as a request for an appeal, filed with or mailed to a Representative of the Board or Department, within the prescribed period, advising that the appellant desires a review of the decision, shall be deemed to initiate a peti-

tion for the allowance of an appeal and will constitute a petition for appeal from the decision of the Referee, provided the appellant subsequently perfects the appeal by filing a completed appeal form within ten days after instructions for filing the appeal form have been delivered or mailed to him at his last known post office address."

The statute having fixed the time for taking an appeal from a decision of the referee, the board is without power to extend the time in the absence of fraud or its equivalent. *Bee Unemployment Compensation Case,* 180 Pa. Superior Ct. 231, 233, 119 A. 2d 558. The appeal provisions of the Unemployment Compensation Law are mandatory in this respect. *Abrams Unemployment Compensation Case,* 180 Pa. Superior Ct. 580, 582, 119 A. 2d 656. Here, as in *Marshall Unemployment Compensation Case,* 177 Pa. Superior Ct. 259, 265, 111 A. 2d 165, claimant's appeal was initiated within the ten-day statutory period, but it was not perfected within the period prescribed in the regulations. We there said (page 266 of 177 Pa. Superior Ct., page 169 of 111 A. 2d) :

"Although a letter can be treated as the equivalent of the filing of an appeal within the ten day statutory appeal limit, it can properly be so treated only if there is a subsequent compliance with the rules of the board.

"Initiating the appeal is only one step in the process of appealing. To perfect an appeal it is necessary to carry out the various prescribed steps and where this is not done even a court must quash the appeal because it was not perfected in time." We then held that the board properly dismissed the appeal which was not perfected in time.

In the *Marshall* case, however, the appeal was dismissed by the board without any further action on the

merits. In the present case, when the board received the late appeal form and the letter explaining the circumstances, it did not act upon the appeal procedure but granted a rehearing on the merits as requested. In the *Marshall* case we said (page 267 of 177 Pa. Superior Ct., page 169 of 111 A. 2d ) : "The board cannot extend the time fixed by statute for instituting an appeal. The board, however, may provide by rules steps to be taken, to perfect an appeal, and if the rules are reasonable, the board may, in its discretion, strictly enforce such rules without interference from this court." An administrative agency ordinarily has the power to waive its own rules and regulations or excuse noncompliance. *Gillis v. Public Service Commission,* 105 Pa. Superior Ct. 389, 394, 161 A. 563. The question thus arises whether the board, by remanding the case for a hearing on the merits, exercised its discretion to accept the appeal and waive the failure to comply strictly with its rules. In this instance we think it did. The proper time for the board to dismiss the appeal would have been prior to any further hearing on the merits alone. If an additional hearing were necessary for the board to pass on the excuse for the late perfection of the appeal, it should have ordered the hearing on that specific issue or on that issue combined with a further hearing on the merits as in *Von Kaenel Unemployment Compensation Case,* 163 Pa. Superior Ct. 173, 176, 60 A. 2d 586. The timeliness of the perfection of the appeal would then have remained an open question. A further hearing on the merits alone would be superfluous if the board intended to dismiss the appeal for reasons of which it had knowledge at the time it ordered the remand. The claimant, relying upon that remand, again testified and also presented the testimony of another witness, and he had his counsel present. To im-

170

pose this obligation upon claimant and then dismiss his appeal on the technical rule of the board (there having been a compliance with the statutory limitation) runs contrary to the policy of the Law. The action of the board does not seem to have been a reasonable or fair practice. See *Baigis Unemployment Compensation Case,* 160 Pa. Superior Ct. 379, 383, 51 A. 2d 518, 520, where it is said: "If there is anything in the Unemployment Compensation Law that is indisputably clear, it is that its benefits and objectives shall not be frittered away by slavish adherence to technical and artificial rules."

Although the board had the power within its discretion to dismiss the appeal forthwith, it did not do so; and its action remanding for rehearing on the merits as requested must be considered as its decision to waive the technical violation of its regulation.

The decision is vacated, and the record is remanded to the Unemployment Compensation Board for disposition or the merits of the claim.