## Kitchell *v.* Unemployment Compensation Board of Review.

Argued May 11, 1973, before Judges KRAMER, MEN-CER and BLATT, sitting as a panel of three.

*Steven G. Laver,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 25, 1973:

Norman C. Kitchell (claimant) was a resident of Riverside, New Jersey and was employed as a weigher by Lukens Steel Company, Coatesville, Pennsylvania. In February of 1971 the claimant lost his job and he thereafter sought Pennsylvania unemployment compensation benefits through the Interstate Claims System. Subsequently the Interstate Claims Office of the Pennsylvania Bureau of Employment Security found that the claimant had voluntarily left his employment without due cause and was therefore ineligible for benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, 43 P.S. §802(b)(1). The claimant appealed, a hearing was held before a referee, and on October 5, 1971 the decision of the referee affirming that of the Bureau of Employment Security was mailed to the claimant at his Riverside address. No appeal was filed with the Unemployment Compensation Board of Review (Board) until November 4, 1971, well beyond the ten day limitation on appeals established by Section 502 of the Unemployment Compensation Act, 43 P.S. §822. The Board dismissed the appeal because of this late filing.

The claimant concedes that his appeal was filed late but contends that this was excusable because he notified the compensation authorities in New Jersey that his address would be changed to a location in Lynn, Massachusetts, effective October 13, 1971. There is nothing on the record to indicate when this notice was actually given, nor even whether it was given in advance of, on or after October 13.

There is no doubt that the appeal provisions of the Unemployment Compensation Law are mandatory, and that the failure to file an appeal from a referee's decision within ten days, without an adequate excuse there-

for, mandates dismissal of the appeal. *Paul Unemployment Compensation Case,* 194 Pa. Superior Ct. 64, 166 A. 2d 94 (1960) ; *Abrams Unemployment Compensation Case,* 180 Pa. Superior Ct. 580, 119 A. 2d 656 (1956) ; *Demcio Unemployment Compensation Case,* 177 Pa. Superior Ct. 298, 110 A. 2d 890 (1955). "[A]n aggrieved party may not appeal after the time prescribed, unless he can prove that he was deprived of his right of appeal by fraud or its equivalent, i.e., wrongful or *negligent* conduct of the administrative authorities." (Emphasis added.) *Ferretti Unemployment Compensation Case,* 195 Pa. Superior Ct. 234, 236, 171 A. 2d 594, 595 (1961). *See Keys Unemployment Compensation Case,* 183 Pa. Superior Ct. 164, 130 A. 2d 262 (1957) ; *Bee Unemployment Compensation Case,* 180 Pa. Superior Ct. 231, 119 A. 2d 558 (1956) ; *Marshall Unemployment Compensation Case,* 177 Pa. Superior Ct. 259, 111 A. 2d 165 (1955). "Something more than mere hardship is necessary to justify an extension of time for appeal." *Neupauer Unemployment Compensation Case,* 198 Pa. Superior Ct. 186, 187, 181 A. 2d 743, 744 (1962).

We can find nothing in this record which would justify permitting the claimant here to file an untimely appeal. There is nothing to indicate that, on October 5, 1971 when the referee mailed his decision to the claimant, either the referee in Pennsylvania or even the office in New Jersey had any knowledge, or any reason to know, that the claimant's mailing address would change on October 13, 1971. The referee mailed the decision to what he believed was, and what in fact was, the claimant's legal address on October 5, 1971. Even if he had known that the claimant's address would be changing on October 13, it would not necessarily have been negligent for him to have mailed the decision to the claimant at his Riverside address on October 5, eight days before the address was to change. He might

well have assumed the likelihood of delivery within that eight-day period.

For the above reasons, therefore, we issue the following

ORDER

Now, May 25, 1973, the order of the Unemployment Compensation Board of Review dismissing the appeal of Norman C. Kitchell is hereby affirmed.