Julius Wolf, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 14, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Audrey B. Nagelberg,* with her *James E. Lynch* of *Ettinger, Silverman, Balka & Levy,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 2, 1980:

This case arose when the Bureau[1] of Employment Security (Bureau) determined that the instant petitioner, Julius Wolf (claimant), was not eligible for unemployment benefits because he had not met the requirements of Sections 401(b) and 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(b), 801(d). Under Section 401(b) the claimant must comply with reporting regulations; and Section 401(d) requires that the claimant be available for suitable work.

The referee affirmed the denial of benefits, but only on the ground that the claimant had violated reporting regulations under Section 401(b) of the Law. When the claimant appealed the referee's decision to the Unemployment Compensation Board of Review (Board), the Board advised claimant that his appeal was untimely. However, the Board remanded the case for additional evidence on the issue of the timeliness of the appeal. Upon the expanded record the Board ruled that the claimant's appeal had not been filed within the 15-day appeal period mandated by Section

---

[1] Now Office.

502 of the Law, 43 P.S. §822.[2] Accordingly, the Board dismissed the appeal. It is from that order that the claimant has appealed to this Court.

The claimant was last employed as a teacher for the Philadelphia School District. By an official letter dated June 22, 1978, he was demoted from the status of a twelve-month teacher to that of a ten-month teacher. Several other teachers received identical demotions. As a result of the claimant's demotion he applied for unemployment benefits, to compensate for the reduction in the number of months for which he would be paid.

He first filed with the Bureau on July 9, 1978. The claimant did not return to the unemployment office until September 7, 1978. It was his failure to report to the Bureau during that interim which produced the determination that he had violated the reporting requirements and was thus ineligible for benefits.

The claimant was formally notified of the Bureau's determination on September 17, 1978; and from that he did take a timely appeal to the referee. However, when the referee, on October 24, 1978, affirmed the Bureau, on the ground that the claimant had violated the reporting requirements, it became incumbent upon the claimant to appeal the referee's decision within the 15 days fixed by Section 502, if he wished a further appeal to the Board. That the claimant did not do. He did not appeal to the Board from the referee's decision until January 18, 1979, clearly beyond the 15-day statutory appeal time.

The appeal period set forth in Section 502 of the Law is mandatory, unless the claimant can show that he was deprived of his appellate rights by negligent or wrongful conduct on the part of administrative

---

[2] Section 502 was amended by the Act of April 14, 1976, P.L. 113, §1 to provide for a fifteen day appeal period.

agents. *Strawley v. Unemployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 34, 358 A.2d 145 (1976). In the absence of such a showing, an appeal to the Board filed beyond the statutory appeal period must be dismissed, because the Board no longer has jurisdiction to hear it. *Grossman v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 290, 400 A.2d 910 (1979); *Kitchell v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973).

Claimant Wolf admitted to the referee that his failure to report to the unemployment office, after filing his claim, was due to conversations he had with representatives of the teachers' union and reading a union publication. In sum, the claimant's failure to report was not due to any action of the Bureau. In addition, the Board found that neither the Bureau nor the referee misled the claimant as to his appeal rights; and we have no basis for disturbing that determination.

As a basis for relief, the claimant cites a memorandum apparently issued by the Bureau, after the expiration of the appeal period, to the effect that demoted teachers such as the claimant would be eligible for benefits. However, even given such a declaration by the Bureau, that at best would remove only one element of the claimant's ineligibility. It would not erase the effect of his non-compliance with the reporting requirements. The decision that he had not so complied became a final determination when the claimant failed to appeal timely.

For the reasons set forth, we affirm the Board's order dismissing the claimant's appeal.

ORDER

AND Now, the 2nd day of May, 1980, the decision of the Unemployment Compensation Board of Review, No. B-169926, dated May 10, 1979, is affirmed.