Maggie B. Clowney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Kenneth A. Wise,* with him *William Anderson,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Blatt, October 28, 1980:

The petitioner, Maggie Clowney, appeals a decision by the Unemployment Compensation Board of Review (Board) which reversed the decision of a referee and denied her unemployment compensation benefits pursuant to Section 402(b)(1) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1) on the grounds that she voluntarily terminated her employment without a necessitous and compelling cause.

The petitioner, employed as a nurse's aide by Community General Osteopathic Hospital (employer), last worked at that position on April 17, 1978, but then underwent shoulder surgery on April 18 and subsequently tendered her resignation to her employer on May 26, 1978, stating that she was resigning due to health problems. Her application for unemployment compensation benefits was denied by the Bureau (now Office) of Employment Security on the basis that her resignation was voluntary, and she appealed the ruling, asserting that she had not resigned voluntarily but was told to do so by her employer and that she had resigned to avoid having her employment record indicate that she had been discharged. After a hearing in which the referee reversed the Bureau's denial of benefits and held that the petitioner had resigned voluntarily, but for necessitous and compelling cause, the employer appealed to the Board which remanded the case to the referee for a second hearing to take additional testimony. After the second hearing the Board overturned the referee's award of benefits and held that the petitioner was ineligible for benefits.

The petitioner now contends that there were numerous procedural defects both in the employer's appeal and in the subsequent remand and that these deficiencies require that the Board's decision be re-

versed and the referee's award be reinstated or, in the alternative, that the case be remanded to the Board for a clarification as to its reasons for overruling the referee. She argues: (1) that the Board lacked subject-matter jurisdiction over the employer's appeal because the employer's legal representative signed the petition for appeal rather than the employer itself; (2) that the circumstances in this case did not warrant a remand; and (3) that the Board must state at least a minimal reason for reversing the findings of the referee where such were based on a determination of the credibility of the witnesses.

The petitioner's first objection was not presented below for determination by the Board and may only be raised in the first instance on this appeal if the allegedly defective signature acts to nullify the Board's jurisdiction. Pa. R.A.P. 1551(a)(2). We do not agree with the contention that an improper signature which may have technically violated the Board's regulations regarding the perfection of an appeal, 34 Pa. Code §§101.81, 101.82 and 101.102, creates a jurisdictional issue, if, as here, the appeal was instituted within the statutory 15-day time period prescribed by Section 502 of the Law, 43 P.S. §822.[1] The petitioner, therefore, has failed to preserve her objection and it cannot now be considered.

Nor can we accept the petitioner's next assertion that the record from the first hearing was complete and adequate and that the Board, therefore, pursuant to its own regulation, 34 Pa. Code §101.104(c), could not grant a remand in this case. On the contrary, the

---

[1] A letter written and signed by an appellant's counsel which requests a review of a referee's decision and is mailed within the statutory time has been held to fulfill the requirements of Section 502. *Keys Unemployment Compensation Case*, 183 Pa. Superior Ct. 164, 130 A.2d 262 (1957) ; *Marshall Unemployment Compensation Case*, 177 Pa. Superior Ct. 259, 111 A.2d 165 (1955).

rule upon which the petitioner relies grants wide latitude to the Board in ordering a remand[2] and a close examination of the record reveals that the Board has not abused this broad discretion. Moreover, the Board is given the authority under Section 504 of the Law, 43 P.S. §824, to affirm, modify or reverse a referee's decision or to "direct the taking of additional evidence," and the statute imposes no restrictions upon such a remand.

Finally, we must disagree with the argument that the Board must articulate specific reasons for its refusal to defer to a referee's assessment of the credibility of witnesses. Section 504 of the Law, 43 P.S. §824, allows the Board to undertake a *de novo* examination of the evidence presented at the hearing and this Court has held:

> [T]hat the unemployment compensation referee acts merely as an agent for the Board and that

---

[2] 34 Pa. Code §101.104(c) provides in part:

Pursuant to Article V, Section 504 of the Unemployment Compensation Law (43 P.S. §824), the Board may affirm, modify or reverse the decision of the referee on the basis of the evidence previously submitted in the case, or the Board, *in its discretion*, may direct the taking of additional evidence, *if in the opinion of the Board*, the previously established record is not sufficiently complete and adequate to enable the Board to render an appropriate decision. The further appeal shall be allowed and additional evidence required in any of the following circumstances:

(1) Whenever the further appeal involves a material point on which the record below is silent or incomplete or appears to be erroneous.

(2) It appears that there may have been a denial of a fair hearing under the rules.

(3) Under §101.24 of this title (relating to reopening of hearing) a request for reopening received after the decision of the referee was issued which constitutes a request for further appeal to the Board. (*Emphasis added.*)

the Board is the ultimate fact finding body empowered to resolve conflicts in evidence, *to determine the credibility of witnesses,* and to determine the weight to be accorded the evidence. . . . *We . . . find no support for the proposition that due process is violated merely where a hearing examiner's determination as to the credibility of the witnesses is not given special weight by the ultimate fact finder, here the Board.* (Citations omitted.) (Emphasis added.) *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 639-40, 347 A. 2d 328, 329 (1975). We likewise can find no reason to depart from the general rule that the Board has the final authority to determine witness credibility.

We, therefore, affirm the Board's denial of unemployment compensation benefits to the appellant.

## ORDER

AND NOW, this 28th day of October, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.