Angelo V. Cardamone, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Argued February 3, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and PALLADINO. Judges WILKINSON, JR. and WILLIAMS, JR. did not participate.

*Michael W. Zurat, Mullen & Zurat,* for petitioner.

*Barbara G. Raup,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 24, 1981:

The petitioner, Angelo V. Cardamone, challenges a decision of the State Civil Service Commission

(Commission) ordering his dismissal from employment because of his political activities.

It is undisputed that the petitioner, during his employment in the classified service as a safety inspector for the Bureau of Occupational and Industrial Safety, attended a meeting for the election of the chairman of the Jefferson County Democratic Committee, served as a vote counter at that meeting and cast a vote as the unrestricted proxy of an absent Democratic committee member. A complaint about his actions was filed with the Commission which instituted an investigation and conducted an evidentiary hearing. The Commission determined that the petitioner had engaged in such political activity as is proscribed in Section 904 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §741.904, and that Section 906 of that Act, 71 P.S. §741.906, required the Commission to remove him from his position.

The petitioner contends that he was not informed that such conduct as was involved here could amount to prohibited political activity under the Act. He further argues that his actions in any event were no more than a technical violation of Section 904 and that the penalty of discharge from his employment was too severe for such a de minimis offense.

The petitioner's assertion of unawareness of the prohibited nature of his conduct[1] cannot relieve him of culpability therefor. Moreover, the Commission specifically found that he had been advised by his superiors that participation in political activities was

---

[1] The Commission prepares and distributes to each civil service employee a booklet outlining the restrictions on political activities that are applicable to their employment. Due to an oversight in procedures which has since been corrected, the petitioner never received a copy of that booklet.

forbidden, and a review of the record discloses substantial evidence to support that finding.[2] Moreover, as the Commission's opinion stated, "[the petitioner] could have hardly believed he was not participating in a political election and violating the Civil Service Act prohibition in accepting a committeewoman's proxy and voting it on behalf of a candidate for chairman of a political party." The record also reveals that the petitioner had himself been a Democratic committeeman and that he had resigned that post when he accepted his civil service position because he knew that he could then no longer retain it. *See Wasniewski v. Civil Service Commission*, 7 Pa. Commonwealth Ct. 166, 299 A.2d 676 (1973).

As to the allegedly de minimis nature of the violation here, and the petitioner's argument that it does not justify the penalty of dismissal, Section 906 of the Civil Service Act establishes the following sanction for violation of the Section 904 prohibition against political activity:

Any person holding a position in the classified service who violates any of the provisions of this act or of the rules made thereunder *shall be immediately separated from the service.* It shall be the duty of the appointing authority of the State Agency in which the offending person is employed to remove him at once in accordance with the provisions of this Act. Any person removed under this section shall for a period of one year be ineligible for

---

[2] We must affirm the decision of the Commission unless it violates the law or constitutional rights or unless necessary findings of fact are not supported by substantial evidence. *Pennsylvania Department of Justice v. Grant*, 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976).

reappointment to any position in the classified service. (Emphasis added.)

71 P.S. §741.906. Discharge is a *mandatory* penalty once a violation of Section 904 has been established and we do not believe, therefore, that the Commission had any discretion here as to imposing a lighter discipline. The section provides not only that a person who violates the act "shall be immediately separated from the service" but it also imposes an affirmative duty to remove the offending person *at once,* and it further declares that such person is then rendered ineligible for service for a minimum period of one year. Although the consequences of such a requirement may seem harsh, in cases where, as here, the employee's transgression may not seem very serious, it is for the legislature, not for this Court, to remedy any possible inequities.

We will, therefore, affirm the Commission's order dismissing the petitioner.

ORDER

AND Now, this 24th day of April, 1981, the order of the State Civil Service Commission in the above-captioned matter is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.