Alfredo Fonseca, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Horace W. Longacre, Inc., Intervenor.

Argued March 6, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Pablo Santana,* for petitioner.

*William J. Kennedy*, Assistant Attorney General, with him *John T. Kupchinsky*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

*Richard H. Greenberg, Pearlstine, Salkin, Hardiman & Robinson*, for intervenor.

OPINION BY JUDGE BLATT, June 5, 1981:

Alfredo Fonseca (claimant) appeals from an order of the Unemployment Compensation Board of Review which dismissed his appeal from a referee's denial of benefits as untimely filed. We affirm.

On March 12, 1979, the referee issued a decision denying benefits to the claimant on the grounds of willful misconduct and this decision was mailed to the claimant on that date. The claimant did not file an appeal to the Board from this decision until April 12, 1979, which was beyond the 15-day period allowed by Section 502 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §822.

At a hearing on October 24, 1979, the claimant testified that he had been unable to exercise his appeal rights in a timely fashion because a back injury had confined him to bed during the appeal period. The Board concluded that the claimant had failed to show that he had been misled or misinformed by the unemployment compensation authorities concerning his appeal rights, and it dismissed his appeal.

It is well settled that the appeal provisions of the Unemployment Compensation Law are mandatory and that failure to file an appeal from a referee's decision within 15 days, without adequate excuse therefor, mandates dismissal of the appeal. *Kitchell v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973). "[A]n aggrieved party may not appeal after the time pre-

scribed, unless he can prove that he was deprived of his right of appeal by fraud or its equivalent, *i.e.,* wrongful or negligent conduct of the administrative authorities.'' *Ferretti Unemployment Compensation Case,* 195 Pa. Superior Ct. 234, 236, 171 A.2d 594, 595 (1961); *Kitchell v. Unemployment Compensation Board of Review, supra.*

The claimant testified that he received the referee's decision, that the decision contained an explanation of the appeal procedure and appeal deadline, and that he failed to exercise his appeal right because he was bedridden. This testimony constitutes substantial evidence for the Board's finding that the claimant was not misinformed or misled by the unemployment authorities. It does not, however, indicate any acceptable reason for his failure to file a timely appeal, for his personal appearance at the filing place was not essential. 34 Pa. Code §101.102; 34 Pa. Code §101.82.

### Order

And Now, this 5th day of June, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.

Judge Wilkinson, Jr. did not participate in the decision in this case.