Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* 302 Chelten, Inc., Appellee.

Submitted on briefs April 4, 1983, to Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Gary F. Divito,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, May 11, 1983:

The Pennsylvania Liquor Control Board (Board) appeals here an order of the Court of Common Pleas of Philadelphia County which reduced a fine imposed by the Board upon 302 Chelten, Inc. (licensee).

The facts are undisputed. The Board, after a hearing on the matter, imposed a fine of $200 upon the licensee for certain violations.[1] The licensee appealed to the common pleas court, which without taking additional evidence, reduced the fine to $100 noting that the licensee is a novice in the restaurant business, had no previous violations, and was unaware that these activities were violations. The trial judge also concluded that the offenses were "technical errors rather than flagrant disregard of the Pennsylvania Liquor Regulations" and that the licensee has since taken all steps necessary to comply with the regulations.

Our scope of review includes, of course, a determination as to whether or not the trial court committed an error of law. *Diana Appeal,* 31 Pa. Commonwealth Ct. 363, 375 A.2d 1386 (1977).

The Board argues here, and we agree, that the trial court overstepped its scope of review by reduc-

---

[1] These violations included three instances of giving away liquor as a prize, one instance of furnishing liquor for off-premises consumption and two instances of permitting dancing without the required amusement permit from the Board.

ing the fine imposed. The law is clear that where the trial court does not take additional evidence, and therefore cannot make any material changes in the facts, it is error for the trial court to modify the fine. *Patty's Den, Inc. Liquor License Case,* 32 Pa. Commonwealth Ct. 382, 379 A.2d 659 (1977).

We also note, in passing, that even if the trial court had the power to reduce the fine, the grounds upon which it attempted to do so here were in error. It is well-settled that ignorance of the law's requirements will not excuse violations. *Commonwealth v. Koczwara,* 188 Pa. Superior Ct. 153, 146 A.2d 306 (1958); *Allegheny Beverage Company, Inc. v. Pennsylvania Liquor Control Board,* 67 Pa. Commonwealth Ct. 487, 447 A.2d 725 (1982).

We will reverse the trial court's order and reinstate the penalty imposed by the Board.

ORDER

AND Now, this 11th day of May, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed, and the $200 penalty imposed by the Pennsylvania Liquor Control Board is hereby reinstated.