Michael L. McCormick, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Argued September 12, 1983, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Paul S. Foreman,* for petitioner.

*Earl R. Dryer,* Deputy Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 13, 1983:

Michael McCormick appeals from a decision of the State Civil Service Commission, which removed McCormick from his civil service job with the Altoona Housing Authority because he had engaged in prohibited political activity. We must decide whether the Civil Service Act prohibition of political activity[1] ap-

---

[1] Section 904 of the Civil Service Act, Act of August 5, 1941, *as amended,* P.L. 752, 71 P.S. §741.904.

plies to housing authority employees and whether Mc-Cormick's unawareness of that prohibition precludes the commission from removing him for its violation.

McCormick began his employment with the housing authority as comptroller before the 1975 amendment to the Housing Authorities Law[2] instituted the requirement that all housing authorities establish a civil service merit system for their employees. Although McCormick was aware of his civil service status after the housing authority had, by contract, derived its merit system from the State Civil Service Act, he did not receive any information concerning the prohibition of political activity contained in that Act. On March 9, 1981, McCormick submitted a signed petition to place his name on the primary election ballot as a candidate for the office of auditor of Logan Township, a measure which §904 of the Civil Service Act[3] clearly prohibits.

McCormick contends that because the Housing Authorities Law[4] does not expressly incorporate the prohibitions and penalties segment of the Civil Service Act,[5] the legislature intended to exempt housing authority employees from those sections. Although there is no clear indication that McCormick raised

---

[2] Section 1 of the Housing Authorities Law, Act of May 28, 1937, P.L. 955, *as amended*, added by Act of June 2, 1975, P.L. 3, 35 P.S. §1566.

[3] Section 904 of the Civil Service Act provides, in relevant part: No person in a classified service shall . . . circulate or seek signatures to any nominations or other petition required by any primary or election law. . . .

[4] Section 2 of the Housing Authorities Law, Act of May 28, 1937, P.L. 955, *as amended*, added by Act of June 2, 1975, P.L. 3, 35 P.S. §1567.

[5] The prohibitions, penalties and enforcement provisions are detailed in Article IX of the Civil Service Act, §§901-906, 71 P.S. §§741.901-741.906.

this question before the commission, we nevertheless conclude that the Civil Service Act applies to housing authorities in its entirety.

McCormick argues that §1567(b),[6] which provides that the housing authority employees may be removed only in accordance with §807 of the Civil Service Act,[7] indicates that the legislature intended to disallow removal of housing authority employees under any other provisions of the Act.

However, §1568,[8] which governed the interim period between the amendment and the execution of the contract for civil service systems, enables the commission to remove a housing authority employee for any violation of the Civil Service Act, including a violation of the ban on political activity. Acceptance of McCormick's contention would create a nonsensical result that the commission could have removed an employee for political activity during the interim period, but is unable to do so now that the full civil service system is in effect. Furthermore, the commission would be unable to remove housing authority employees for violations of other prohibitions, such as §902,[9] which permits removal of an employee who commits perjury. We are unable to accept such an unlikely scheme as the intent of the legislature.

We also note that the Housing Authorities Law requires the establishment of "a *complete* civil ser-

---

[6] 35 P.S. §1567.

[7] Section 807 of the Civil Service Act, 71 P.S. §741.807 provides, in relevant part:

No person in a classified service shall be removed except for just cause which shall not be his race, religion or political, partisan or labor union affiliation.

[8] Section 3 of the Housing Authorities Law, Act of May 28,.1937, P.L. 955, *as amended*, added by Act of June 2, 1975, P.L. 3, 35 P.S. §1568.

[9] Section 902 of the Civil Service Act, 71 P.S. §741.902.

vice merit system,''[10] (emphasis added) and provides that the system shall include ''the *same* duties and obligations, rights, prerogatives, and appeals provided for employees by the 'Civil Service Act' ''[11] (emphasis added). It makes no exceptions for any aspect of the civil service system.

With respect to his second argument,[12] that his ignorance of the prohibition prevents his removal for its violation, McCormick attempts to distinguish *Cardamone v. State Civil Service Commission*, 58 Pa. Commonwealth Ct. 637, 428 A.2d 757 (1981). McCormick contends that Cardamone's argument was, in fact, that he was unaware of the political nature of his activity, not that he was unaware of the prohibition. A close reading of the decision leads us to conclude that the case encompassed both arguments. Judge BLATT, writing for the court in *Cardamone*, explicitly noted that the evidence supported the conclusions that Cardamone was aware of the ban and that he was conscious of the political character of his actions, thus indicating that Cardamone had made both arguments. At least by way of dictum, the *Cardamone* opinion states that ''assertion of unawareness of the prohibited nature of his conduct cannot relieve [an employee] of culpability therefor.''[13]

[10] 35 P.S. §1566.

[11] 35 P.S. §1567.

[12] McCormick also argued that the civil service system for housing authorities is controlled, not by the Civil Service Act, but by the contract which each housing authority has with the State Civil Service Commission, and, because that contract was not in evidence, the commission could not properly remove him. Because McCormick did not raise this argument before the commission, we are unable to consider it on appeal. *See Clowney v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 382, 421 A.2d 515 (1980) ; *Zakrzewski v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 216, 381 A.2d 503 (1978).

[13] 58 Pa. Commonwealth Ct. at 638, 428 A.2d at 758.

The language of the prohibition section is straightforward and does not require, in any situation, that the employee must have acted with any intent or knowledge of either the ban or the nature of his activity. We will not require an element of intent when the legislature has clearly declined to include it in the statute. Mr. McCormick's unfortunate situation is yet another illustration of the adage that ignorance of the law is no excuse. *See, e.g., Pennsylvania Liquor Control Board v. 302 Chelten, Inc.,* 74 Pa. Commonwealth Ct. 253, 459 A.2d 893 (1983) and the cases cited in that opinion.

Accordingly, we affirm.

### ORDER

Now, October 13, 1983, the order of the Pennsylvania State Civil Service Commission, No. 3483, dated April 21, 1982, is affirmed.