531 A.2d 847

Charles J. McGee, Petitioner *v.* Bucks County Housing Authority, Respondent.

Bucks County Housing Authority, Petitioner *v.* Charles J. McGee, Respondent.

Bucks County Housing Authority, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 27, 1987, before Judges Colins and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Gerald S. Robinson, Robinson and Geraldo,* for petitioner/respondent, Charles J. McGee.

*Stephen B. Harris, Harris & Harris,* with him, *Gary L. Sturn,* for petitioner/respondent, Bucks County Housing Authority.

*Samuel H. Lewis,* Associate Counsel, with him, *Clifford F. Blaze,* Chief Counsel, for respondent, Unemployment Compensation Board of Review.

Opinion by Judge Palladino, October 1, 1987:

This case involves cross-appeals by the Bucks County Housing Authority (Housing Authority) and Charles

J. McGee from an order of the Pennsylvania State Civil Service Commission (Commission). The Commission sustained the Housing Authority's action in the removal of McGee from his position as Executive Director 3, regular status, as for just cause. However, the Commission reversed the Housing Authority's determination that McGee falsified his employment application.

This case also involves an appeal by the Housing Authority from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to grant benefits to McGee.[1] The referee concluded that McGee's separation from employment was not the result of willful misconduct connected with his employment. We will review each issue in order.

### FACTS

On December 9, 1982, McGee submitted an employment application for the position of Executive Director with the Housing Authority. Under "Experience," McGee stated that from January, 1961 until the date of the application, he was the "Owner-Manager" of his own real estate firm. McGee attached a form describing his specific duties as follows:

    a. *Management:* Single-family homes and apartment buildings (including Section 8), office buildings and garages. Managed up to 500 units at a given time.

    b. *Supervision:* Staff of up to 30, including receptionist, secretaries, bookeepers [sic], and sales personnel.

    c. *Rehabilitation:* Acquired and completely rehabilitated approximately 100 homes for resale.

---

[1] All three appeals, No. 567 C.D. 1986, No. 539 C.D. 1986 and No. 1489 C.D. 1985 were consolidated for argument *sua sponte* by order of this Court.

    d. *Construction:* . . . Designed town-houses, secured financing, supervised construction and handled sales.

McGee was hired as Executive Director by the Housing Authority on August 17, 1983. After serving a six month probationary period, McGee was made a regular status employee. Thereafter, the parties entered into an employment contract for a term of one year, effective August 1, 1984.

On December 18, 1984, McGee was removed from his position as Executive Director 3 of the Housing Authority pursuant to a Notice of Removal citing seventeen areas in which the Housing Authority alleged that his performance was deficient.[2] McGee appealed his

---

[2] The Housing Authority listed the following grounds for McGee's termination in its Notice of Removal:

    a) failure to submit monthly reports to the appointing authority board;

    b) failure to timely and adequately advise the board of the status of ongoing projects;

    c) submitting, without authorization of the appointing authority, a request for a new Development Coordinator position and failure to disclose said request to the board;

    d) improper delegation of authority to the appointing authority's Deputy Executive Director (Lamont) and Comptroller (Grondahl);

    e) improper delegation to clerical and secretarial employes [sic] of authority to administer ongoing contracts;

    f) failure to follow instructions of the board in the correction of existing defects and preparation of the Venice Ashby II project;

    g) inadequate preparation for and conduct of board meetings;

    h) failure to follow instructions of the board in the development of new projects and expansion of the Bensalem project;

    i) failure to meet with officials of the U.S. Department of Housing and Urban Development (HUD) and the

dismissal to the Commission. Thereafter, by letter dated April 2, 1985, the Housing Authority added an additional ground for dismissal—falsification of Civil Service application for employment.

The Commission bifurcated the proceedings, holding hearings on May 2 and 3, June 6, and August 1, 1985 as to whether just cause for removal from employment existed. Hearings on the Falsification of Employment Application issue were held on May 2 and 3, 1985.[3] After a thorough review of all the evidence pre-

Farmer's Home Administration (FMHA) [sic] to develop sources of funding for appointing authority projects;

j) excessive absences from the appointing authority's central office and excessive in-county travel;

k) submission of fraudulent travel vouchers for local travel from August 23, 1983 through November 21, 1984 and misappropriation of public funds in connection therewith;

l) failure to learn pertinent HUD regulations, removal of said regulations from the Executive Director's office and improper delegation of duty to interpret said regulations to Lamont and Grondahl;

m) use of appointing authority personnel for preparation of personal correspondence;

n) failure to maintain adequate records of the activities of the Executive Director and failure to produce such records when requested by the board;

o) submission of fraudulent expense voucher for appellant's attendance at a housing conference in New York;

p) failure to coordinate the development of projects and construction contracts, failure to attend public meetings, and failure to 'diligently and properly handle' matters in connection with the appointing authority's Elbow Lane project; and,

q) continued unsatisfactory work performance, insubordination, and conduct unbecoming a public official.

[3] Because this issue was post-removal and after an appeal had been perfected by McGee to the Commission, the Commission, pursuant to Section 951(d) of the Act, acted on its own motion to conduct an investigatory hearing on this issue. 71 P.S. §741.951(d).

sented, both testimonial and documentary, the Commission, by order dated February 3, 1984, concluded that just cause existed for McGee's removal but that the Housing Authority had not made its case for application falsification. Particularly, the Commission said: "It is our conclusion, in view of the evidence available, that the statements made by [McGee] on his employment application, if somewhat overstated, have not been demonstrated to be material to [McGee's] position. The appointing authority has failed to satisfy us that the appellant intentionally falsified his application." Commission Op. at 8. McGee appeals the removal issue to this court, while the Housing Authority appeals the application falsification issue.

In the interim, McGee filed an application for unemployment compensation benefits. On December 22, 1984, the Office of Employment Security (OES) denied benefits, concluding that McGee was removed for willful misconduct in connection with his work.[4] On appeal, the referee reversed and, by order dated May 6, 1985, the Board affirmed. The Housing Authority now appeals the Board's order to this Court.

REMOVAL FROM EMPLOYMENT—JUST CAUSE[5]

Section 807 of the Civil Service Act, Act of August 27, 1963, P.L. 1257, *as amended*, 71 P.S. §741.807, pro-

---

[4] Section 402(e) of The Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1932) 2897, *as amended*, 43 P.S. §802(e).

[5] In his brief, McGee states the issues as follows:

(1) Whether or not the State Civil Service Commission abused its discretion in sustaining the personnel action taken by the Bucks County Housing Authority.

(a) Assuming the findings of fact are supported by substantial evidence in the record, are the charges supportive of just cause for removal?

vides that: "No regular employee in the classified service shall be removed except for just cause."

The Commission made detailed findings on the charges for dismissal. *See* Findings of Fact 21-38. These findings fall into four categories: (1) unsatisfactory job performance; (2) insubordinate conduct; (3) fraudulent expense vouchering; and (4) conduct unbecoming a public official. Our extensive review of the lengthy record in this matter leads us to conclude that the findings of fact are supported by substantial evidence and lead inexorably to the conclusion that McGee's removal was for just cause.

McGee postulates the same issues on appeal that he raised as defenses before the Commission. We note that it is for the Commission to resolve conflicts in the evidence and we are bound to accept their findings of fact so long as they are supported by substantial evidence. *Murphy v. Department of Public Welfare,* 85 Pa. Commonwealth Ct. 23, 480 A.2d 382 (1984); *Petresky v.*

---

(2) Whether the Commission's determination that the petitioner failed to meet his burden of proving that the removal was discriminatory is an error in law and not supported by the evidence.

Our scope of review of an adjudication by the State Civil Service Commission is limited to a determination of whether constitutional rights were violated, errors of law committed or substantial evidence exists of record to support the necessary findings of fact. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

This court cannot substitute its judgment for that of the Commission. *Petresky v. Pennsylvania Department of Labor and Industry,* 80 Pa. Commonwealth Ct. 39, 470 A.2d 1117 (1984). As such, we have no jurisdiction to review the exercise of discretion by the Commission.

Further, the resolution of evidentiary conflicts as well as the weight and credibility to be accorded the evidence is for the Commission. *Id.* This Court may not reweigh the evidence to determine whether it is sufficient to meet the burden of proof.

*Pennsylvania Department of Labor and Industry,* 80 Pa. Commonwealth Ct. 39, 470 A.2d 1117 (1984).
Accordingly, we affirm.

### FALSIFICATION OF CIVIL SERVICE APPLICATION

Section 902 of the Civil Service Act provides that: Any false statement made under oath or in writing, in any application . . . shall be perjury and punishable as such. Any person failing to disclose a material fact or in any manner concealing any information in order to obtain employment or promotion under this act shall, in addition to any other penalty herein provided, be removed from all eligible lists and, if appointed or promoted, he shall be summarily removed.
71 P.S. §741.902.

The Housing Authority contends that McGee did not have the experience claimed on his application and that his exaggerations constitute false statements under oath in violation of Section 902 of the Act. The mandatory penalty for these false statements pursuant to Section 906 of the act, is removal.

After reviewing all of the evidence the Commission concluded that the Housing Authority did not meet its burden of proving that McGee's "misrepresentations" were material[6] or intentional. Thus, it concluded that the Housing Authority failed to meet its burden of proof. This conclusion is in error.

---

[6] The Commission concluded that even if you "throw out" the exaggerated claims, McGee still would have gotten the job because the reduction in points would only have dropped him to third on the preference list and he was hired because he was the only local candidate of the top three preferred candidates.

However, even if this deduction was logical, it is irrelevant. Section 902 merely requires a false statement be made under oath, regardless of its materiality.

Having searched the Bucks County Recorder of Deeds records for all names under which McGee claimed to have done business, only 22 properties could be verified as having been rehabilitated by McGee, alone or with partners. On his Civil Service application, McGee claimed to have acquired and rehabilitated approximately 100 homes for resale.

Whether Mr. McGee intended to make a false statement and whether that false statement was material to his hiring, McGee did, in fact, falsely state his experience in the rehabilitation of homes. "Discharge is a *mandatory* penalty once a violation of Section [902] has been established." *Cardamone v. State Civil Service Commission*, 58 Pa. Commonwealth Ct. 637, 640, 428 A.2d 757, 759 (1981). Section 906 of the Act, 71 P.S. §741.906.

Accordingly, we reverse.

### UNEMPLOYMENT COMPENSATION

On appeal to this Court, the Housing Authority asserts it was error for the referee to conclude that McGee's discharge was not the result of willful misconduct. Particularly, the Housing Authority claims that McGee was discharged for

1) repeated failure to file monthly reports;
2) insubordination;
3) fraud in the repeated submission of false mileage expenses as well as a claim for unapproved meals and lodging on a trip to New York; and
4) misappropriation of personnel and postage for private business.

Whether McGee's conduct rises to the level of willful misconduct is a question of law subject to our review based upon the findings of fact. *Schneider v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 238, 523 A.2d 1202 (1987).

The referee made the following findings of fact:

1. Claimant was last employed by the Bucks County Housing Authority as Executive Director at approximately $43,700.00 a year from August 23, 1983 to December 17, 1984.

2. Claimant was terminated because his work performance no longer measured up to the standards required by the employer.

3. Claimant always performed his work to the best of his ability.

4. The employer was also dissatisfied with the claimant's decision to delegate to subordinates matters pertaining to construction contracts and development projects.

5. Claimant felt he had the authority to delegate the assignments to subordinates and was acting in accordance with past established practices that were in effect at the time of his being hired.

6. The employer was also dissatisfied with travel and expense vouchers submitted by the claimant for an out of town seminar and for local travel in the performance of his job duties.

7. Claimant was not properly warned in writing by the employer prior to his termination, that his actions were in violation of the Housing Authority's Policies. . [sic]

8. Claimant is able and available for work.

Finding of fact six, that employer was dissatisfied with travel and expense vouchers, does not address whether these vouchers were false and/or fraudulent. Further, the findings fail to address the other grounds raised by the Housing Authority, any of which could constitute willful misconduct.

Where factual issues which may be legally determinative of a claimant's eligibility for unemploy-

ment benefits are not addressed by the board, it is not possible for this Court to perform its function of appellate review. It is thus necessary to remand to the Board to make the necessary findings of fact.

*Levan v. Unemployment Compensation Board of Review,* 91 Pa. Commonwealth Ct. 507, 512, 498 A.2d 987, 989 (1985).

As such, we vacate and remand for specific findings of fact on the issues identified herein.

### ORDER IN 539 C.D. 1986

AND NOW, October 1, 1987, the order of the Pennsylvania State Civil Service Commission in the above-captioned matter is affirmed insofar as it concludes that Petitioner, Charles J. McGee, was removed from his position of Executive Director 3, regular status, of the Bucks County Housing Authority for just cause.

### ORDER IN 567 C.D. 1986

AND NOW, October 1, 1987, the order of the Pennsylvania State Civil Service Commission in the above-captioned matter is reversed insofar as it concluded that Respondent, Charles J. McGee, did not falsify his Civil Service Application in violation of Section 902 of the Civil Service Act.

### ORDER IN 1489 C.D. 1985.

AND NOW, October 1, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the case remanded for findings of fact in accordance with the foregoing opinion.

Jurisdiction relinquished.

Judge COLINS dissents in No. 567 C.D. 1986 and No. 1489 C.D. 1985.